

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-78,231-05, -06, -07 & -08

### EX PARTE KENNETH RAY JOHNSON, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 23,287-B, 23,288-B, 23,289-B, 23,290-B IN THE 20th DISTRICT COURT FROM MILAM COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four separate deliveries of a controlled substance and sentenced to two years state jail for one offense and sixty years' imprisonment for the other offenses. The Third Court of Appeals affirmed his convictions. *Johnson v. State*, Nos. 03-12-00523/00524/00525/00526-CR (Tex. App.—Austin, delivered August 13, 2013, pet. ref'd.).

Applicant contends, *inter alia*, that counsel in these cases was ineffective because he failed to pass along a thirty-year plea offer package from the State. The Applicant further alleges that, as

a result of counsel's ineffective assistance, his pleas were rendered involuntary.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding whether counsel failed to pass along a plea offer, whether the Applicant would have accepted the plea offer but for the ineffective assistance of counsel, whether the prosecution would not have withdrawn the offer, and whether the trial court would not have refused to accept the plea bargain agreement. *Ex parte Argent*, 339 S.W.3d 781 (Tex. Crim. App. 2013). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  October 15, 2014
Do not publish